**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

TREVOR MICHAEL CHERAMIE                    CIVIL ACTION

VERSUS                                                            NO. 21-1367

SHERIFF CRAIG WEBRE, ET AL.                  SECTION: "G"(1)

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Trevor Michael Cheramie, a state pretrial detainee, filed this *pro se* federal civil

action pursuant to 42 U.S.C. § 1983.  Asserting various claims arising from his state criminal

proceedings and his related incarceration, he sued Sheriff Craig Webre, Warden Cortrell Davis,

Nellie Vicks, Judge Hugh Larose, Annie Chaisson, and Jennifer Exinicious.

## I.  Screening Standards

Plaintiff filed this federal civil action *in forma pauperis*.  Concerning such actions, federal

law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)    is frivolous or malicious;
> (ii)   fails to state a claim on which relief may be granted; or
> (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions

of 28 U.S.C. § 1915A.   That statute mandates that federal courts "review, before docketing, if

feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in

which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has held:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted

2

unlawfully.   Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing the complaint,[1] the undersigned recommends that, for the following reasons, all but one of plaintiff's claims be dismissed *sua sponte* as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

## II.  Plaintiff's Claims

As noted, plaintiff brought this lawsuit pursuant to 42 U.S.C. § 1983.  In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.  1983.  Therefore, "[t]o state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); accord Sanchez v. Oliver, 995 F. 3d 461, 466 (5th Cir. 2021).

---

[1] The Court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

### A.  Claims Related to Plaintiff's Criminal Proceedings

Plaintiff has sued both his public defender and the presiding judge in his state criminal proceedings.  The claims against both of those defendants clearly fail.

Plaintiff alleges that his public defender, Annie Chaisson, "is not representing me to the fullest of her capability & my best interest."[2]  That claim must be dismissed because public defenders such as Chaisson simply are not state actors liable under § 1983.  Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Wilson v. Nash, 115 F. App'x 295 (5th Cir. 2004).[3]

Plaintiff has also sued the presiding judge, Judge Hugh Larose, alleging that he improperly denied plaintiff a bond reduction.[4]  That claim fails because Judge Larose, who sits in the Seventeenth Judicial District Court for Lafourche Parish, Louisiana, is a state court judge who enjoys absolute judicial immunity with respect to such § 1983 claims.

The breadth of judicial immunity was thoroughly explained by former United States Magistrate Judge Joseph C. Wilkinson in a Report and Recommendation subsequently adopted by United States District Judge Lance M. Africk as follows:

> For more than one hundred years, judges have been held immune from liability for judicial acts done within their jurisdiction.  Stump v. Sparkman, 435 U.S. 349, 356,

---

[2] Rec. Doc. 8, p. 7.

[3] The Court recognizes that "[i]f a public defender has conspired with a state actor to deprive a person of his constitutional rights, however, a public defender may be liable under 42 U.S.C. § 1983." Lawson v. Speetjens, No. 94-60548, 1994 WL 708665, at *3 n.2 (5th Cir. Dec. 6, 1994); accord Mills v. Criminal District Court # 3, 837 F.2d 677, 679 (5th Cir. 1988). But plaintiff makes no such allegations against Chaisson; rather, he is claiming only that she is providing him with ineffective assistance.  "[C]laims of ineffective assistance of counsel are simply not cognizable in a § 1983 action." Hamilton v. Damico, Civ. Action No. 16-178, 2016 WL 3166867, at *2 (M.D. La. Apr. 27, 2016), adopted, 2016 WL 3197132 (M.D. La. June 6, 2016); accord Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996); O'Brien v. Colbath, 465 F.2d 358, 359 (5th Cir. 1972) ("[I]n our opinion [§ 1983] was never intended as a vehicle for prosecuting malpractice suits against court-appointed attorneys.").

[4] Rec. Doc. 8, p. 6.

98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (citing Bradley v. Fisher, 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646 (1871)); Mays v. Sudderth, 97 F.3d 107, 110 (5th Cir. 1996). "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any acts performed in [his or her] judicial role." Ammons v. Baldwin, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); accord Mays, 97 F.3d at 110-11. This judicial immunity applies even if a judge is accused of acting maliciously or corruptly. Stump, 435 U.S. at 356-57; Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), overruled in part on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), as recognized by Hill v. Shelander, 992 F.2d 714, 716 (7th Cir. 1993); Mays, 97 F.3d at 110-11. Judicial officers are absolutely immune from liability for damages unless they are without jurisdiction. Id. at 111; Dayse v. Schuldt, 894 F.2d 170, 172 (5th Cir. 1990); Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988).

In the past, however, judicial officers did not enjoy absolute immunity from suits seeking injunctive relief. Relief of that nature was available under Section 1983 against state court judges acting in their judicial capacity. Pulliam v. Allen, 466 U.S. 522, 541-42, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984). However, the Federal Courts Improvement Act of 1996 ("FCIA") amended Section 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983.

The FCIA therefore statutorily overruled Pulliam's holding regarding the availability of injunctive relief against a state judge in his official capacity. Guerin v. Higgins, No. 00-0244, 2001 WL 363486, at *1 (2d Cir. 2001) (unpublished); Nollet v. Justices, 83 F.Supp.2d 204, 210 (D. Mass. 2000); see also Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (1996 amendment to Section 1983 limits the relief available against a federal judge to declaratory relief). Thus, neither injunctive relief nor damages are available in this Section 1983 action against [a state judicial officer]. Tesmer v. Granholm, 114 F.Supp.2d 603, 618 (E.D. Mich. 2000); Nollet, 83 F.Supp.2d at 210.

Furthermore, to whatever extent, if any, that [a plaintiff] seeks an order … directing the judge to take action concerning [the] plaintiff's state court proceedings, a federal court has no power to direct a state court or its judicial officers in the performance of their duties when mandamus is the only relief sought. In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001); Santee v. Quinlan, C.A. No. 96-3417, Record Doc. Nos. 3, 7, 8 (Nov. 5 & 27, 1996) (Duval, J.), aff'd, 115 F.3d 355, 356-57 (5th Cir. 1997); Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Moye v. Clerk, 474 F.2d 1275, 1276 (5th Cir. 1973); Lamar v. 118th Judicial Dist. Court, 440 F.2d 383, 384 (5th Cir. 1971); White v. Stricklin, No. 3:02-CV-688-D, 2002 WL 1125747, at *2 (N.D. Tex. May 23, 2002); Norman v. Louisiana S.Ct., No. 01-2225, 2001 WL 881298, at *1 (E.D. La. Aug. 3, 2001) (Duval, J.). [A federal] court is without authority to order officials of the state court having

jurisdiction over [a] plaintiff's criminal case to treat his claims in any particular way or to otherwise interfere with the rulings of its judges.

Hood v. Commissioner Foil, Civ. Action No. 15-5853, 2013 WL 6174614, at *3 (E.D. La. Nov. 21, 2013); accord Gemelli v. Louisiana, Civ. Action No. 19-13424, 2020 WL 3317033, at *6-7 (E.D. La. Apr. 29, 2020), adopted, 2020 WL 3297078 (E.D. La. June 18, 2020).

Because plaintiff's claim against Judge Larose concerns actions taken within the scope of his role as a state judicial officer, the doctrine of absolute judicial immunity bars the claim. Therefore, it "must be dismissed as legally frivolous or for failure to state a claim for which relief can be granted, all because [the] defendant is immune. 28 U.S.C. §§ 1915(e)(2)(iii) and 1915A(b)(2)." Hood, 2013 WL 6174614, at *4. If plaintiff is aggrieved by Judge Larose's rulings, his recourse is to seek review of those rulings in the state courts – not to file a federal civil rights lawsuit in federal court.

### B. Claims Related to Plaintiff's Incarceration

The remaining four defendants, Sheriff Craig Webre, Warden Cortrell Davis, Nellie Vicks, and Jennifer Exinicious, are jail officials, and plaintiff's claims against those defendants arise from actions they took or failed to take with respect to his incarceration. The claims against all but one of those defendants should likewise be dismissed *sua sponte*.

The claims against Webre and Davis require little attention. Plaintiff's **only** allegation against Webre and Davis is that they hold supervisory positions at the jail.[5] However, there is no vicarious liability under § 1983 for supervisors for the conduct of their subordinates; therefore, a claim against a supervisor such as Webre or Davis fails absent well-pled allegations of his personal

---

[5] Id. at p. 4.

involvement or some other form of causation to connect him to the purported violation.  Marks v. Hudson, 933 F.3d 481, 490 (5th Cir. 2019); accord Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) ("In a § 1983 suit ... – where masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer.  Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); Sanchez v. Young County, 866 F.3d 274, 281 (5th Cir. 2017) ("Supervisors cannot be held liable for constitutional violations committed within the jail if they had no personal involvement."); Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability.").  Because plaintiff does not allege that either Webre or Davis were personally involved in the actions or inactions which purportedly violated his rights or otherwise connect them to the supposed violations, the claims against Webre and Davis should be dismissed.

As to defendant Nellie Vicks, plaintiff alleges that Vicks "is in charge of incoming & outgoing mail at the Lafourche Parish Correctional Complex"[6] and that "[t]here's a tragically large amount of inmate's legal mail being tampered with in one way shape or form here at [the jail]."[7] However, to the extent that plaintiff is attempting to assert claims based on the purported tampering of **other inmates'** mail, that is not allowed.  See, e.g., Gregory v. McKennon, 430 F. App'x 306, 310 (5th Cir. 2011) (noting that the inmate "would lack standing to seek § 1983 damages for violations of other prisoners' rights"); Saldana v. Polunsky, No. 97-10193, 1997 WL 450125, at *1 (5th Cir. July 10, 1997) (noting that the inmate had "no standing to assert the rights of other

---

[6] Id.
[7] Id. at p. 5.

inmates for any deprivation they may have suffered"); <u>Gibson v. Gusman</u>, Civ. Action No. 14-2273, 2015 WL 5060854, at *8 (E.D. La. Aug. 18, 2015) ("To the extent that the Plaintiffs attempt to bring a claim on behalf of other inmates, Plaintiffs lack standing to do so."). Rather, plaintiff may bring only claims based on violations of his own rights.

Moreover, to the extent that plaintiff is alleging that Vicks tampered with **his** mail, his suspicions are wholly speculative. Specifically, he alleges that he sent a complaint to the Attorney Disciplinary Board in late May of 2021 and a writ of habeas corpus to the Clerk of Court in mid-June. Having received no acknowledgement of either, he now opines: "I should have long received notice back about these issues that I sent these letters out about!"[8] Based on nothing more than that failure to receive such acknowledgements, he concludes that Vicks must have tampered with his mail. Not so.

Even if plaintiff's assessment of what constitutes the outer limit for proper acknowledgment time is a reasonable one, which is an issue this Court need not reach, it in no way follows that his failure to receive such acknowledgement within that time frame is attributable to **Vicks**. Plaintiff's mail (both outgoing and incoming) could have gone astray at any time before it reached Vicks or after she processed it. It could have been delayed, lost, or destroyed by someone else at the jail, by the Postal Service, and/or by the staff of the Disciplinary Board and the Court. Plaintiff's contention that Vicks must somehow be at fault is pure speculation unsupported by any evidence. That does not suffice. <u>See, e.g.</u>, <u>Heaton v. Normand</u>, Civ. Action No. 17-405, 2017 WL 3268341, at *6 (E.D. La. June 22, 2017), <u>adopted</u>, 2017 WL3252813 (E.D. La. July 31, 2017); <u>Hebrard v. La. State Dept. of Corrections</u>, Civ. Action No. 15-6268, 2016 WL 1441656, at *3-4

---

[8] <u>Id.</u> at p. 6.

(E.D. La. Jan. 8, 2016), adopted, 2016 WL 1446151 (E.D. La. Apr. 11, 2016); Jones v. Ford, Civ.

Action No. 2:08cv176, 2009 WL 2032398, at *4 (S.D. Miss. July 9, 2009); Crocker v. Sweetin,

Civ. Action No. 9:08cv233, 2009 WL 903278, at *4-5 (E.D. Tex. Mar. 31, 2009). Simply put,

plaintiff's allegations that Vicks engaged in mail tampering in this case do not "raise a right to

relief above the speculative level" as is required to state a **plausible** claim against **her**. _In re_

Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007); accord Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009) (a plaintiff's allegations are insufficient to state a claim when they are

based on nothing more than "a sheer **possibility** that a defendant has acted unlawfully" (emphasis

added)).

Plaintiff also complains that Vicks will not provide him "with a record of my outgoing &

incoming mail."[9] However, even if that is true, it is of no moment. The Constitution does not

require a jail official to provide such a service to an inmate. Therefore, that claim likewise fails.

The only remaining defendant is Jennifer Exinicious, who, according to plaintiff, "is in

charge of judicial proceedings at L.P.C.C."[10] However, plaintiff's allegations against Exinicious

are too vague for this Court to ascertain the exact nature of her role at the jail, the scope of her

duties, and the precise manner in which plaintiff believes that she has violated his rights. Given

those uncertainties, the undersigned is unable at this point to say that plaintiff has alleged his "best

case" against her and that his claim is either frivolous or non-cognizable. See Amanduron v.

American Airlines, 416 F. App'x 421, 423 (5th Cir. 2011). Therefore, in light of plaintiff's _pro se_

status and the lenient construction his allegations should be given at this stage of the proceedings,

---

[9] Id. at pp. 4 and 6.
[10] Id. at p. 7.

9

the undersigned recommends that the claim against Exinicious be allowed to proceed pending further development and remain referred to the undersigned for additional evaluation.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against Annie Chaisson, Judge Hugh Larose, Sheriff Craig Webre, Warden Cortrell Davis, and Nellie Vicks be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim upon which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

It is **FURTHER RECOMMENDED** that plaintiff's claim against Jennifer Exinicious remain referred to the United States Magistrate Judge and be allowed to proceed pending further development.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 2d day of September, 2021.


**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

10