UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TREVOR MICHAEL CHERAMIE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1367** |
| **SHERIFF CRAIG WEBRE et al.** | **SECTION: "G"** |

### ORDER AND REASONS

Before the Court are Plaintiff Trevor Michael Cheramie's ("Plaintiff") objections to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] Plaintiff, a Louisiana state pretrial detainee, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Lafourche Parish Sheriff Craig Webre, Warden Cortell Davis, Nellie Vicks, Judge Hugh Larose, Annie Chaisson, and Jennifer Exinicious.[2] The Magistrate Judge recommended that the Court dismiss Plaintiff's claims against Sheriff Craig Webre, Warden Cortell Davis, Nellie Vicks, Judge Hugh Larose, and Annie Chaisson as frivolous, and for failure to state a claim upon which relief may be granted.[3] The Magistrate Judge recommended that the claims against Jennifer Exinicious be allowed to proceed pending further development.[4] Plaintiff objects to the Magistrate Judge's recommendation.[5] Considering the Complaint, the Report and Recommendation, Plaintiff's objections, the record, and the applicable law, the Court overrules Plaintiff's objections, adopts the

---

[1] Rec. Doc. 13.

[2] Rec. Docs. 1, 5.

[3] Rec. Doc. 12.

[4] *Id.*

[5] Rec. Doc. 13.

1

Report and Recommendation, and dismisses the claims pending against Sheriff Craig Webre, Warden Cortell Davis, Nellie Vicks, Judge Hugh Larose, and Annie Chaisson with prejudice.

## I. Background

On July 19, 2021, Plaintiff filed a complaint under 42 U.S.C. § 1983 against Sheriff Craig Webre, Warden Cortell Davis, Nellie Vicks, Judge Hugh Larose, Annie Chaisson, and Jennifer Exinicious.[6] Plaintiff claims that jail staff at the Lafourche Parish Correctional Complex tampered with his mail.[7] Plaintiff asserts that Judge Hugh Larose, the presiding judge in Plaintiff's criminal proceedings, improperly denied him a bond reduction.[8] Plaintiff argues that his public defender, Annie Chaisson, did not represent Plaintiff's best interests.[9] Plaintiff also claims that Jennifer Exinicious "is in charge of judicial proceedings at L.P.C.C."[10] According to Plaintiff, he wrote to Exinicious to request information about a speeding charge, but Exinicious never responded to Plaintiff's inquiry.[11]

The Magistrate Judge recommended that Plaintiff's Section 1983 claims against Sheriff Craig Webre, Warden Cortell Davis, Nellie Vicks, Judge Hugh Larose, and Annie Chaisson be dismissed with prejudice.[12] The Magistrate Judge also recommended that Plaintiff's claim against

---

[6] Rec. Doc. 1; Rec. Doc. 8.

[7] Rec. Doc. 8 at 5–6.

[8] *Id.* at 6.

[9] *Id.* at 7.

[10] *Id.*

[11] *Id.* at 7–8.

[12] Rec. Doc. 12.

Jennifer Exinicious remain referred to the Magistrate Judge and be allowed to proceed pending further development.[13]

First, the Magistrate Judge recommended that Plaintiff's claims against Annie Chaisson be dismissed because public defenders are not state actors liable under § 1983.[14] Second, the Magistrate Judge recommended that Plaintiff's claims against Judge Hugh Larose be dismissed because the judge enjoys absolute judicial immunity with respect to such claims.[15]

Third, the Magistrate Judge recommended that Plaintiff's claims against Sheriff Craig Webre and Warden Cortell Davis be dismissed because the claims arise from their supervisory positions in the jail, and there is no vicarious liability under § 1983.[16]

Fourth, the Magistrate Judge addressed Plaintiff's claims against Nellie Vicks, who Plaintiff alleges "is in charge of incoming & outgoing mail at the Lafourche Parish Correctional Complex."[17] To the extent Plaintiff claims that other inmates' mail was being tampered with, the Magistrate Judge found that Plaintiff did not have standing to raise such a claim on behalf of other inmates.[18] The Magistrate Judge also found that Plaintiff's claims that his own mail was being tampered with are wholly speculative.[19] The Magistrate Judge reasoned that Plaintiff's mail could

---

[13] *Id.*

[14] *Id.* at 4.

[15] *Id.* at 4–6.

[16] *Id.* at 6–7.

[17] *Id.* at 7–9.

[18] *Id.* at 7.

[19] *Id.*

have gone astray any time before it reached Vicks and there is no way to prove that it is attributable to her.[20]

Finally, the Magistrate Judge addressed Plaintiff's claims against Jennifer Exinicious.[21] The Magistrate Judge found the Plaintiff's allegations against Exinicious were "too vague for [the Court] to ascertain the exact nature of her role at the jail, the scope of her duties, and the precise manner in which plaintiff believes that she has violated his rights."[22] Therefore, in light of Plaintiff's "*pro se* status and the lenient construction his allegations should be given at this stage of the proceedings," the Magistrate Judge recommended that the claim against Exinicious be allowed to proceed pending further development and remain referred to the Magistrate Judge.[23]

## II. Objections to Report and Recommendation

Plaintiff objects to the Report and Recommendation.[24] Plaintiff states that he "never directly inferred or suggested that . . . Vicks was directly responsible for [Plaintiff] not receiving [his] mail."[25] Plaintiff states that Vicks was "reluctant to answer" his administrative grievance form.[26] Plaintiff asserts that there is no record of his letter to Sheriff Webre being logged into the system, which Plaintiff asserts "is direct evidence of tampering with the mail by . . . Vicks or whoever is responsible for the occurrence of [the] incident."[27] Plaintiff states that someone opened

---

[20] *Id.* at 8–9.

[21] *Id.*

[22] *Id.*

[23] *Id.* at 9–10.

[24] Rec. Doc. 13.

[25] *Id.* at 1.

[26] *Id.*

[27] *Id.*

a piece of legal mail he received from the Innocence Project of New Orleans.[28] However, Plaintiff acknowledges that he does not have any information to show that person was Vicks.[29]

### III. Standard of Review

*A.   Review of the Magistrate Judge's Report and Recommendation*

When designated by a district court to do so, a United States Magistrate Judge may consider prisoner petitions challenging the conditions of confinement and recommend a disposition to the district court judge in accordance with the Magistrate Judge's findings of fact and determinations of law.[30] A district judge "may accept, reject or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[31] The district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[32] However, a district court's review is limited to plain error of parts of the report not properly objected to.[33]

*B.   Standard for Frivolousness*

A district court has broad discretion in determining the frivolous nature of a prisoner's complaint.[34] A complaint is frivolous if it lacks an arguable basis in law or fact.[35] A claim has no arguable basis in law if "it is based on indisputable meritless legal theory."[36] It lacks a basis in

---

[28] *Id.* at 2.

[29] *Id.*

[30] 28 U.S.C. § 636(b)(1)(B).

[31] Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. §636(b)(1).

[32] Fed. R. Civ. P. 72(b)(3).

[33] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

[34] *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citations omitted).

[35] *Id.*

[36] *Id.*

facts if "the facts alleged are clearly baseless."[37] If a court finds a prisoner's claims are frivolous, the court must dismiss the claims *sua sponte*.[38]

## IV. Law and Analysis

As an initial matter, Plaintiff does not object to the Magistrate Judge's recommendation that the claims against Sheriff Craig Webre, Warden Cortell Davis, Judge Hugh Larose, and Annie Chaisson be dismissed with prejudice.[39] Reviewing for plain error, and finding none, the Court adopts the Report and Recommendation to the extent it recommends that the claims against Sheriff Craig Webre, Warden Cortell Davis, Judge Hugh Larose, and Annie Chaisson be dismissed with prejudice.

Plaintiff objects to the Magistrate Judge's recommendation that the claims against Vicks be dismissed with prejudice. Plaintiff initially asserted that he sent a complaint to the Attorney Disciplinary Board in late May 2021 and a writ of habeas corpus to the Clerk of Court in mid-June 2021. Plaintiff alleged that Vicks must have tampered with his mail because he did not receive an acknowledgement of either letter. The Magistrate Judge correctly found that such a claim was too speculative to state a plausible claim against Vickers.[40] Plaintiff's mail could have been delayed, lost, or destroyed by someone else at the jail, by the postal service, by the Disciplinary Board,

---

[37] *Id.*

[38] *See* 28 U.S.C. § 1915A; 42 U.S.C. §1997e(c).

[39] Rec. Doc. 12.

[40] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding a plaintiff's allegations are insufficient to state a claim when they are based on nothing more than a "sheer possibility that a defendant has acted unlawfully").

and/or by the court. Plaintiff does not allege any facts to state a claim against Vicks above the speculative level.[41]

In objection to the Report and Recommendation, Plaintiff also argues that someone opened a piece of legal mail he received from the Innocence Project of New Orleans.[42] However, Plaintiff acknowledges that he does not have any information to show that person was Vicks.[43] Even assuming that Plaintiff could show Vicks was responsible for opening his incoming legal mail, the Fifth Circuit "has held that prisoners do not have a constitutional right to be present when privileged, legal mail is opened and inspected."[44] Therefore, Plaintiff has not stated a claim against Vicks.

### V. Conclusion

For the reasons stated above, Plaintiff's Section 1983 claims against Sheriff Craig Webre, Warden Cortell Davis, Nellie Vicks, Judge Hugh Larose, and Annie Chaisson must be dismissed with prejudice as frivolous, for failing to state a claim upon which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Report and Recommendation;

**IT IS FURTHER ORDERED** that Plaintiff's against Annie Chaisson, Judge Hugh Larose, Sheriff Craig Webre, Warden Cortrell Davis, and Nellie Vicks are **DISMISSED WITH**

---

[41] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205; *accord Ashcroft*, 556 U.S. at 678 (holding a plaintiffs allegations are insufficient to state a claim when they are based on nothing more than a "sheer possibility that a defendant has acted unlawfully").

[42] Rec. Doc. 13 at 2.

[43] *Id.*

[44] *Collins v. Foster*, 603 F. App'x 273, 275 (5th Cir. 2015) (citing *Brewer v. Wilkinson*, 3 F.3d 816, 825 (5th Cir.1993); *Patel v. Haro*, 470 F. App'x 240, 244 (5th Cir. 2012)).

**PREJUDICE** as frivolous, for failing to state a claim upon which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's claim against Jennifer Exinicious remain referred to the United States Magistrate Judge and is allowed to proceed pending further development.

**NEW ORLEANS, LOUISIANA**, this 20th day of April, 2022.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**