UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TREVOR MICHAEL CHERAMIE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1367** |
| **SHERIFF CRAIG WEBRE, ET AL.** | **SECTION: "G"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Trevor Michael Cheramie, a state pretrial detainee, filed this *pro se* federal civil action pursuant to 42 U.S.C. § 1983. Asserting various claims arising from his state criminal proceedings and his related incarceration, he sued Sheriff Craig Webre, Warden Cortrell Davis, Nellie Vicks, Judge Hugh Larose, Annie Chaisson, and Jennifer Exinicious.

All claims except the claim against Exinicious have been dismissed.[1] With respect to that sole remaining claim against Exinicious, the Court scheduled a Spears hearing[2] to be held on June 7, 2022.[3] However, plaintiff recently filed into the record a formal request that the Spears hearing be canceled and that his remaining claim be dismissed.[4]

Subject to exceptions not applicable in this case, the Federal Rules of Civil Procedure provide that "the plaintiff may dismiss an action without a court order by filing ... a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment...." Fed. R. Civ. P. 41(a)(1)(A)(i). When a *pro se* plaintiff seeks dismissal in a situation in which Rule 41(a)(1)(A)(i) would be applicable, the fact that he fails to cite that rule or correctly style the notice of dismissal is of no significance. Carter v. United States, 547 F.2d 258, 259 n.2 (5th Cir. 1977).

---

[1] Cheramie v. Webre, Civ. Action No. 21-1367, 2021 WL 8532072 (E.D. La. Sept. 9, 2021), adopted, 2022 WL 1184029 (E.D. La. Apr. 21, 2022); Rec. Docs. 12 and 14.
[2] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1989).
[3] Rec. Doc. 15.
[4] Rec. Doc. 16.

The United States Fifth Circuit Court of Appeals has noted that Rule 41(a)(1)(A)(i) "means what it says." Id. at 259. That is, "a plaintiff has an **absolute right** to dismiss a lawsuit before the defendant has filed an answer or summary judgment motion." Id. (emphasis added). When a plaintiff has filed a proper notice of dismissal, a court has "no power or discretion to deny [plaintiff's] right to dismiss or to attach any condition or burden on that right." Williams v. Ezell, 531 F.2d 1261, 1264 (5th Cir. 1976).

Exinicious has filed neither an answer nor a motion for summary judgment in this matter. Accordingly, pursuant to Rule 41(a)(1)(A)(i), plaintiff's filing of the notice of dismissal has the effect of dismissing his claim against her.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's remaining claim against Jennifer Exinicious be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 26th day of May, 2022.

                                               **JANIS VAN MEERVELD**
                                               **UNITED STATES MAGISTRATE JUDGE**